IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02853-BNB

QFA ROYALTIES, LLC,

      Plaintiff/Claimant,

v.

WG COMPANIES, LLC (a dissolved California Limited Liability Company), and
DANIEL P. KLAHN, SR.,

      Defendants/Respondents.

---

## ORDER OF DISMISSAL

---

Daniel P. Klahn, Sr., who identifies himself as a Defendant/Respondent, filed *pro se* on October 18, 2013, documents titled "Notice of Motion and Motion to Vacate and Set Aside Final Judgment Pursuant to 9 U.S.C. § 9 Oral Argument Requested" (ECF No. 1), "Memorandum of Points and Authorities in Support of Motion to Vacate and Set Aside Final Judgment" (ECF No. 3), "Motion to File Without Payment of Filing Fee" (ECF No. 4), and "Request for Permission to File Electronically" (ECF No. 5). Although the "Motion to File Without Payment of Filing Fee" is not on the proper form as required by the District of Colorado local civil rules, that motion will be granted, and Mr. Klahn will be allowed to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. For the reasons stated below, the action will be dismissed for lack of subject matter jurisdiction.

The Court must construe the papers filed by Mr. Klahn liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See id.*

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction.  The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings.  *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).  "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction."  *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The Court has examined the papers filed by Mr. Klahn and finds that the action must be dismissed for lack of subject matter jurisdiction.  Mr. Klahn is asking the Court "to vacate and set aside the final judgment confirmed by District Court, County of Denver, Colorado issued on June 12, 2013."  (ECF No. 1 at 4.)  However, the *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  More specifically, the *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding generally "is barred from seeking what in substance would be appellate

review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

Mr. Klahn fails to cite any relevant authority that would allow the Court to review and vacate a final state court judgment. Therefore, the action will be dismissed for lack of subject matter jurisdiction. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the "Motion to File Without Payment of Filing Fee" (ECF No. 4) is GRANTED. It is

FURTHER ORDERED that the action is dismissed without prejudice for lack of subject matter jurisdiction. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that the "Request for Permission to File Electronically" (ECF No. 5) is DENIED as moot.

DATED at Denver, Colorado, this __22nd__ day of __October__, 2013.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court